**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LACEY LUPO,

Plaintiff,

v. Case No.: 6:25-cv-02170-JSS-LHP

TRACTOR SUPPLY COMPANY,
SACATE PELLET MILLS, INC.,

Defendants.

---

**ORDER**

Before the Court is Defendant Tractor Supply Company's Motion for Reconsideration, or, in the Alternative, Modification of the Order Granting in Part Plaintiff's Motion to Compel Discovery. Doc. No. 62. Plaintiff opposes. Doc. No. 63. For the reasons that follow, Defendant's motion (Doc. No. 62) will be granted in part and denied in part.

On June 30, 2026, the Court granted as unopposed Plaintiff's motion to compel (Doc. No. 60), due to Defendant's failure to respond to the motion within the time limits set forth in the Court's Standing Order on Discovery Motions (Doc. No. 55). Doc. No. 61. The Court also waived all objections other than attorney client privilege, and ordered Defendant to serve complete responses and produce all responsive documents within 21 days. *Id.*, at 3.

On July 2, 2026, Defendant filed the present motion for reconsideration, in which it argues that its failure to respond was inadvertent due to a miscalculation of the response deadline – specifically that Defendant's counsel's docketing system utilized the 14-day response period under Local Rule 3.01(d) as opposed to the 5-day deadline in the Standing Order. Doc. No. 62, at 2, 6. Defendant requests that it be permitted to produce documents on a rolling basis, that its objections not be waived, and that Defendant be permitted to produce documents in a format of Plaintiff's choosing "as responsive materials become available," and in accordance with a prior agreement with Plaintiff. *Id.*, at 6, 8-9. Plaintiff states in response that Defendant has had over three (3) months to respond to the discovery requests and has wholly failed to do so, and that Defendant's continued delays are now causing Plaintiff "actual prejudice." Doc. No. 63.

Reconsideration of a court order is an extraordinary remedy that must be used sparingly. *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993). "Only a change in the law, or the facts upon which a decision is based, will justify a reconsideration of a previous order." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citation omitted). "For reasons of policy, courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions. There is a badge of dependability necessary to advance the case to the

next stage." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002).

Citing to *Hornady v. Outokumpu Stainless, LLC*, 118 F.4th 1367 (11th Cir 2004), Defendant contends that the standards under Federal Rule of Civil Procedure 54(b) apply to the present motion, rather than the heightened standards for reconsideration under Federal Rules of Civil Procedure 59(e) or 60(b). Doc. No. 62, at 3-5.[1] Specifically, Defendant argues that the standard for reconsideration of a discovery order falls under the Court's plenary authority to reconsider, revise, alter, or amend a non-final order before the entry of final judgment, and that the Court can also consider excusable neglect. *Id.*

The Court agrees that *Hornady* has clarified the standard for reconsideration of interlocutory orders. Nevertheless, a majority of courts still follow the standards set forth in Rules 59(e) and 60(b), including the case Defendant itself relies upon. *See, e.g., DKG Commc'ns, LLC v. RLM Underground, LLC*, No. 2:23-CV-1195-KCD, 2025 WL 1615438 (M.D. Fla. June 6, 2025) (citing *Hornady* but still applying factors for reconsideration under Rules 59(e) and 60(b) to motion for reconsideration of order declining to reopen discovery); *Paulino v. W. Funding II Inc.*, No. 23-cv-24172,

[1] Courts applying Rules 59(e) and 60(b) "have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Sussman*, 153 F.R.D. at 694.

2025 WL 1330206, at *1 (S.D. Fla. May 7, 2025) (discussing *Hornady* but still applying "heightened threshold for reconsideration" standard); *Partners Insight, LLC v. Gill*, No. 2:22-CV-739-SPC-KCD, 2025 WL 1085166 (M.D. Fla. Mar. 27, 2025) (applying similar analysis to reconsideration of order granting motion to compel and related sanctions); *Pimentel v. Strength20, LLC*, No. 2:23-CV-544-JLB-KCD, 2025 WL 712412 (M.D. Fla. Mar. 5, 2025) (same); *Rigby v. Cap. One Fin. Corp.*, No. 3:24-cv-98-HES-MCR, 2025 WL 483207, at *2 (M.D. Fla. Feb. 13, 2025) (citing *Hornady* and applying Rule 60(b) standards to a Rule 54(b) motion for reconsideration of denial of a motion to compel discovery); *Doss v. Holder*, No. 8:22-cv-129-CEH-AAS, 2024 WL 3952754, at *2 (M.D. Fla. Aug. 27, 2024) (collecting authority and applying same standards under Rule 59(e) and 60(b) to a motion for reconsideration filed under Rule 54(b)); *Leeks v. GeoPoint Surveying, Inc.*, No. 8:19-cv-562-T-30AAS, 2020 WL 3288027, at *2 (M.D. Fla. June 18, 2020) (applying Rule 54(b) to motion to reconsider prior discovery order granting in part and denying in part motion to compel, while also following the factors applicable to Rules 59(e) and 60(b)).

Regardless of which standard applies, however, Defendant has failed to establish that reconsideration is warranted. Defendant contends that its failure to timely respond to Plaintiff's motion to compel was due to excusable neglect because: (1) Defendant inadvertently mis-calendared its response deadline; (2) Defendant has been actively identifying, reviewing, and gathering responsive

documents, to include retaining a third party vendor; (3) Plaintiff's discovery requests are numerous and overly broad in nature, encompassing voluminous potentially responsive materials that require additional time to review; and (4) the parties have been engaged in ongoing and cooperative communications regarding the status of discovery production, including an agreement on which categories of production should take priority. Doc. No. 62, at 5-6. Defendant further argues that it would be manifestly unjust to require full production without permitting Defendant to belatedly raise objections on the basis of overbreadth and undue burden, as well as to require Defendant to produce class related discovery which Defendant contends is premature. *Id.*, at 6-8.

Defendant could have raised all of these arguments in a timely response to Plaintiff's motion, and Defendant cites no legal authority suggesting that these arguments are sufficient to establish either excusable neglect or manifest injustice under any applicable standard. Rightly so, as courts in this District have consistently held that an inadvertent failure to comply with a court deadline does not equate to manifest injustice warranting reconsideration. *See, e.g., Ordonez v. LexisNexis Risk Sols. Inc.*, No. 6:24-cv-1488-JSS-LHP, 2025 WL 4032744, at *1 (M.D. Fla. Sept. 3, 2025) (denying motion for reconsideration based on counsel erroneously calendaring the response deadline to a motion to compel as 14 days rather than the 5 days under discovery standing order); *Orlando Health, Inc. v. HKS*

*Architects, Inc.*, No. 6:24-cv-693-JA-LHP, 2025 WL 388701, at *1 (M.D. Fla. Feb. 4, 2025) (same); *Mohamed v. Geovera Ins. Co.*, No. 6:22-cv-1261-PGB-DCI, 2022 WL 17542914, at *2 (M.D. Fla. Nov. 22, 2022) (same); *United Fire & Cas. Co. v. Progressive Express Ins. Co.*, No. 6:19-cv-1049-Orl-41EJK, 2020 WL 11421204, at *2 (M.D. Fla. July 30, 2020) (same). *See also Stallworth v. Omninet Vill., L.P.*, No. 6:16-cv-546-Orl-31DAB, 2016 WL 10100424, at *2 (M.D. Fla. Aug. 23, 2016) (finding that a party's failure to timely serve discovery or respond to a motion to compel "due to alleged calendar errors or mistakes does not amount to the type of manifest injustice that compels extraordinary relief" of reconsideration).

Defendant has therefore failed to establish that reconsideration of the Court's June 30, 2026 Order is appropriate. That said, the Court notes that class expert disclosures are not due until December 28, 2026 and March 3, 2027, the deadline for filing a motion for class certification is not until May 3, 2027, discovery does not close until January 3, 2028, and merits expert disclosure deadlines are not until November and December 2027. Doc. No. 54. Thus, Plaintiff's vague reference to "actual prejudice" does not hold much weight at this point. Doc. No. 63. Moreover, Plaintiff does not dispute any of Defendant's representations regarding the volume of discovery to be produced or Defendant's efforts to review such discovery to date, and Plaintiff states she remains willing to work with Defendant to address any

proportionality and undue burden concerns. *Id.* Thus, the Court finds modifying the deadline for Defendant's production to be appropriate.

Accordingly, Defendant's motion (Doc. No. 62) is **GRANTED IN PART AND DENIED IN PART.** The motion (Doc. No. 62) is **GRANTED** to the extent that Defendant shall commence production of discovery on a rolling basis within **fourteen (14) days** from the date of this Order. Such production shall be in a format of Plaintiff's choosing. In all other respects, the motion (Doc. No. 62) is **DENIED**. The parties are urged to continue to work together to develop a protocol for the priority and timing of said production, as well as to negotiate an acceptable scope of class discovery at this stage of the case. While the Court appreciates that discovery in this case is voluminous, that is not a basis to delay production any further.

**DONE** and **ORDERED** in Orlando, Florida on July 21, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record